UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| David P. Leaver,<br><br>Plaintiff,<br><br>v.<br><br>Life Care Centers of America, Inc.,<br><br>Defendant. | Docket No.: |

## COMPLAINT AND JURY TRIAL DEMAND

### I. PARTIES

1. Plaintiff, David P. Leaver, (hereinafter, "David") is a resident of Dartmouth, Massachusetts and was employed from December 2018 until October 9, 2021, as a Certified Occupational Therapist Assistance (hereinafter, "COTA") at The Oaks, a Life Care Centers of America, Inc., (hereinafter, "Life Care") facility located at 4525 Acushnet Avenue, New Bedford, Massachusetts 02745.

2. Prior to obtaining his COTA, David worked full-time as an Emergency Medical Technician (hereinafter, "EMT"), while both going to school to earn his degree and caring for his two (sons), as his wife was ill.

3. Defendant, is a Foreign Corporation duly organized as a "Nursing Home Management Company" in Massachusetts, with other locations in both Plymouth and Raynham, Massachusetts. Life Care has a principal office location of 3570 Keith Street, N.W., Cleveland, Tennessee 37312, and its Registered Agent is

1

Corporation Service Company, located at 84 State Street, Boston, Massachusetts 02109.

## II. JURISDICTION

4. The Court has jurisdiction in this matter pursuant to 42 U.S.C § 1983 and Sec 2000e-5 (f) and 28 U.S.C §§ 2201, 2202 and Sec 1331 and 1343 (a) and has supplemental jurisdiction over State law claims.

## UNITED STATES EQUAL OPPORTUNITY COMMISSION ("EEOC") CHARGE

5. David filed a timely charge with the EEOC. The EEOC has issued David his "right-to-sue" notice (**Exhibit 1**). David brings this lawsuit within ninety (90) days of receipt of his right-to-sue notice. All preconditions for filing this lawsuit have been performed or have occurred.

## III. FACTS

6. The Defendant is an employer within the meaning of 42 U.S.C. Sec 2000e (b) and M.G.L. C 151B, Sec1(5).

7. Life Care operated during the height of "the Covid-19 pandemic" *without* requiring its employees to be vaccinated.

8. Commensurate with the outbreak of the COVID-19 virus (hereinafter, "COVID-19") and continuing to date, the Defendant issued a number of policies with respect to their employees, patients and visitors with the stated goal of protecting all of same from COVID-19, including the prospect of contracting and/or spreading same.

9. During the entire period since the outbreak of COVID-19, the Defendant mandated that all their employees wear masks and other personal protection items stating the reason that doing so was the best way to minimize the spread of such disease.

2

10. Without employees such as the Plaintiff working at Defendant facilities and being directly exposed to the dire risk of contracting COVID-19, Defendant could not have operated and would have suffered dire financial ruin.

11. David, in reliance on Defendant's assurances that he, his wife, Jessica, and his grandchild were protected by his wearing a mask and testing for Covid-19, complied, continued to work and was directly subjected to contracting COVID-19 at its zenith.

12. In early August of 2021, Defendant announced a "Mandatory Vaccine Policy" which required all of their employees to have been injected by the COVID-19 vaccine or to have at least commenced a two (2) dose vaccine regimen by October 10, 2021.

13. The Mandatory Vaccine Policy did have a provision for employees to apply for certain exemptions, including an Exemption due to an employee's sincerely held religious beliefs, by September 1, 2021.

14. David is a member of the Universal Life Church (hereinafter, "Church"), located at 1170 Sassaquin Avenue, New Bedford, Massachusetts 02745.

15. On August 15, 2021, David submitted to his supervisor, Ms. Kelly Galligan (hereinafter, "Ms. Galligan"), his timely request for a Religious Accommodation to be exempt from taking the Covid-19 vaccination in the form of a signed letter by his Pastor, Reverend George G. Mendonca, Jr., (hereinafter, "Pastor"), which stated, "As a duly ordained minister, registered with the State of Massachusetts, I uphold David P. Leaver (sic) decision to abstain from receiving vaccines of any type as is the custom of our church and its members and our duty to God", (**Exhibit 2**).

16. On August 19, 2021, David and several Life Care COTA co-workers, noticed that their positions were posted on Indeed, **(Exhibit 3)**.

17. Screenshots of the Life Care, Indeed COTA job positions began circulating amongst Life Care employees who were shocked and dismayed.

18. Employees began verbally expressing that, "they can't post our jobs yet or else we will know we're intended on being replaced." In less than twenty-four (24) hours, the posting was no longer visible on the Indeed site.

19. On September 15, 2021, David's Religious Accommodation Request was denied by Life Care, on their purported inability to make reasonable accommodations.

20. On September 16, 2021, David met with both Ms. Galligan and The Oaks Executive Director, Ms. Helena Silva (hereinafter, "Ms. Silva") who informed him that his Religious Accommodation Request was denied.

21. In spite of that denial, David continued performing his job at Life Care.

22. On October 6, 2021, David received his termination letter from Life Care.

23. On October 10, 2021, David was officially let go by Life Care.

24. The Plaintiff never voluntarily ended his employment with Defendant.

25. As a matter of law, in the Commonwealth of Massachusetts, the purported "Covid-19" State of Emergency was **terminated** by Massachusetts Governor Charles Baker, as of June 15, 2021 **(Exhibit 4)**. Life Care effectuated its self-imposed mandate **four (4) months after** the Massachusetts Governor **terminated** the "Covid-19 State of Emergency". Therefore, as of June 15, 2021, there was no Covid-19 State of Emergency in Massachusetts.

26. At the time of David's terminated employment (October 10, 2021), the "Covid-19 vaccines" were only "FDA approved" for Emergency Use Authorization (hereinafter, "EUA").

27. For a full eight (8) months prior to Life Care's August 2021 issuance of their Covid-19 vaccination mandate, David received regular, on-site, Covid-19 testing and followed all established personal protection equipment protocols, with Life Care actively permitting David to perform his essential job functions from March 2020 through October 2021 without a Covid-19 vaccination.

28. Upon information and belief, the Executive Directors of the three (3), Massachusetts Life Care facilities, along with unknown others, met as a Committee, and decided that no Medical or Religious accommodations would be granted for any of Life Care's employees.

29. On January 9, 2022, David filed for a claim with the Massachusetts Department of Unemployment Assistance (hereinafter, "DUA") and he was subsequently denied benefits.

30. David had to sell personal belongings in order to pay his rent and bills.

31. David appealed the denial of his unemployment benefits and on August 22, 2022, at 11am, David participated in his DUA Appeal Hearing.

32. On August 25, 2022, DUA reversed the original denial of his unemployment benefits and David was awarded his total unemployment benefits.

33. Unable to afford his rent, David and his family moved out of their apartment into a camper on a friend's property.

34. Because of the lack of space in the camper, David's two (2) sons were unable to continue living with their parents.

35. On December 6, 2022, David suffered a cardiac arrest, was revived by both cardiopulmonary resuscitation (hereinafter, "CPR") and automated external defibrillator (hereinafter, "AED"), and subsequently underwent open heart surgery on December 11, 2022.

36. David suffered serious damages enumerated herein and additionally states that Defendant's actions caused him to lose his insurance which created severe financial stress to David, his wife and his family.

37. The David requested a reasonable accommodation from Defendant in the form of wearing a mask and periodic testing for COVID-19 to no avail.

38. Defendant failed to engage in any meaningful process to determine whether it could accommodate David's request and simply denied his request indicating that David's request created an undue hardship on Defendant while asserting that his proposal was inferior to the vaccine in achieving the goals of the mandate. Defendant followed the denial with David's termination.

39. Following an announcement by the Food and Drug Administration ("FDA") on August 2, 2021, claiming that vaccines were ninety-one percent (91%) effective in preventing COVID-19 (Pfizer), it became immediately clear that was not true.

40. Illustrating by example are the following list of visible persons that became affected by COVID-19 despite having been injected by a COVID-19 vaccine along with the date their infection was announced:

   08-19-2021    U.S. Senator John Hickenlooper

        U.S. Senator Angus King

        U.S. Senator Roger Wicker

| Date | Official |
|---|---|
| 10-19-2021 | Dept Homeland Security Secretary Alejandro Mayorkas |
| 12-19-2021 | U.S. Senator Elizabeth Warren |
| 01-02-2022 | Dept of Justice Secretary Lloyd Austin |
| 03-13-2022 | U.S. President Barack Obama |
| 03-31-2022 | CIA Director William Burns |
| 04-05-2022 | U.S. Attorney General Merrick Garland |
| 04-07-2022 | U.S. House Speaker Nancy Pelosi |
| 04-09-2022 | U.S. Dept of Agriculture Secretary Tim Vilsack |
| 04-26-2022 | U.S. Vice-President Kamala Harris |
| 05-04-2022 | U.S. Secretary of State Antony Blinken |
| 06-01-2022 | U.S. Labor Secretary Marty Walsh |
| 06-15-2022 | Dr. Anthony Fauci |
| 06-2022 | U.S. Senator Wicker for 3rd time (02-2022) |
| 07-10-2022 | U.S. Senate Majority Leader Charles Schumer |
| 07-21-2022 | U.S President Joseph Biden |
| 10-22-2022 | CDC Director Rochelle Walensky |

41. Public Health Officials now acknowledge the fallacy of claims of protection afforded by vaccines against COVID-19.

   a. Dr. Deborah Birx (Former White House Coronavirus Response Coordinator): "I knew these vaccines were not going to protect against infection and I think we overplayed the vaccines". *https:/youtu.be/8aYqTIg1A*

b. <u>Dr. Anthony Fauci:</u>

"We know that people get infected and then get re-infected and people get vaccinated, and they get infected. So, immunity isn't measured in decades or lifetimes. It's measured in several months"

*https://www.marketwatch.com/articles/Anthony-fauci-covid-19-biden-immunity-51658437525?shtied=nf-rss*

42. As of August 2020, the Center for Disease Control and Prevention ("CDC") guidance on COVID-19 protection changed to eliminate differentiation based on whether a person received vaccination and now concede that so-called COVID-19 vaccines do not prevent those injected with same from contracting, suffering and/or spreading COVID-19.

43. The majority of persons now hospitalized for COVID-19 related issues have received vaccinations and caught the COVID-19 virus anyway.

44. Defendant's "Mandatory Vaccine Policy" was based on false and deceptive claims that the vaccine was required to prevent them from contracting the virus and spreading it to others.

45. Defendant terminated David for resisting being injected and while refusing accommodations by use of masks and periodic testing claiming same to be inferior to the vaccine.

46. Historically, Defendant has lauded the effectiveness of masks and periodic testing in their policies and these measures were central to the rhetoric of Defendant to cause David to continue working through the pandemic in the face of exposure to himself, his family, friends and contacts to this hideous virus.

47. Defendant's instant degradation of masks and periodic testing by labeling them as "inferior" and unacceptable accommodation, along with Defendant's unrealistic reliance on experimental vaccines, place Defendant's historical position in question and now expose serious liberties taken by Defendant with the lives and well-being of David, his family and contacts.

48. David suffered physically, financially, emotionally, psychologically and lost reputation, as Defendant wrongly terminated him and claimed that David chose to voluntarily terminate his employment.

## CLAIMS FOR RELIEF

## COUNT I

## VIOLATION OF PLAINTIFF'S EQUAL PROTECTION AND TREATMENT RIGHTS

49. Paragraphs 1-48 are referenced and incorporated into Count I.

50. The actions of the Defendant denying David his right to Equal Protection and Equal Treatment as guaranteed to him by the United States Constitution.

51. Pursuant to the Fourteenth Amendment to the United States Constitution, David has a right to the equal protection and due process of laws.

52. David had a right to be treated equally as his co-workers who elected to receive the COVID-19 vaccine.

53. David was treated differently than other employees who opted to receive the COVID-19 vaccine because his sincerely held religious beliefs were not accommodated, and he was ultimately let go from his employment.

## COUNT II

9

## VIOLATION OF PLAINTIFF'S SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHTS

54. Paragraphs 1-53 are referenced and incorporated into Count II.

55. The actions of the Defendant denying the Plaintiff his right to Due Process of Law as guaranteed to him by the United States Constitution.

56. Plaintiff has the right and protected interest under the First, Fourth and Fourteenth Amendment to the United States Constitution and Articles IV, X, XX, XXI, XXIX, and XXX of the Massachusetts Declaration of Rights to be from the invasion of bodily integrity and to be free from unwanted medical intervention.

57. Because of these rights enjoyed by David directly under both the United States Constitution and the Massachusetts Declaration of Rights as mentioned above, his substantive due process rights were denied when the Defendant mandated the COVID-19 vaccine upon David, refused to honor his sincerely held religious beliefs and grant his Religious Exemption from said vaccine and wrongfully terminating him from his employment in retaliation.

58. Because of the Defendant's action and inactions as aforementioned, David's procedural due process rights were denied and violated.

## COUNT III

## VIOLATION OF M.G.L. CHAPTER 151 AND VIOLATION OF TITLE VII

59. Paragraphs 1-58 are referenced and incorporated into Count III.

60. At all relevant times, Plaintiff was engaged in protected activity under M.G.L. c. 151 and Title VII, upon which he suffered adverse employment action connected to such protected activity.

61. Defendant constructively terminated David's employment, which was motivated by retaliatory animus.

62. Defendant engaged in unlawful acts of subterfuge with specific intent to deprive the David.

                         Respectfully submitted,
                         The Plaintiff,
                         David P. Leaver
                         By his attorneys,

DATED: April 26, 2023

                         */s/ Richard C. Chambers, Jr., Esq.*
                         Richard C. Chambers, Jr., Esq.
                         BBO#: 651251
                         Chambers Law Office
                         220 Broadway, Suite 404
                         Lynnfield, MA 01940
                         Office: (781) 581-2031
                         Cell: (781) 363-1773
                         Fax: (781) 581-8449
                         Email: Richard@chamberslawoffice.com

DATED: April 26, 2023

                         */s/ Joseph Spinale., Esq.*
                         Joseph Spinale, Esq.
                         BBO#: 548547
                         Chambers Law Office
                         220 Broadway, Suite 404
                         Lynnfield, MA 01940
                         Office: (781) 581-2031
                         Cell: (781) 838-1411
                         Fax: (781) 581-8449
                         Email: Joe@chamberslawoffice.com